O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| j2 GLOBAL COMMUNICATIONS, INC. and ADVANCED MESSAGING TECHNOLOGIES, INC., | ) ) ) ) | Case No. CV 11-07904 DDP (Ex) **ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND GRANTING PLAINTIFFS' REQUEST FOR LIMITED JURISDICTIONAL DISCOVERY** |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | |
| VITELITY COMMUNICATIONS, LLC, | ) ) ) | [Docket No. 13] |
| Defendant. | ) ) ) | |

Presently before the court is Defendant's Motion to Dismiss Plaintiffs' Complaint ("Motion"). Having reviewed the parties' moving papers, the court denies the Motion without prejudice, grants Plaintiffs' request for limited jurisdictional discovery, and adopts the following Order.

**I.    BACKGROUND**

In their Complaint, Plaintiffs j2 Global Communications, Inc. and Advanced Messaging Technologies, Inc. allege that Defendant Vitelity, LLC d/b/a Vitelity Communications ("Vitelity") provides certain Internet fax services that infringe Plaintiffs' patents.

Plaintiffs also allege that: "Vitelity is doing business in California, including in this District. It solicits customers in this District and offers telephone numbers in this District for use by its customers. Moreover, Vitelity's network is partially based in California. Vitelity has servers located in California and processes calls in California." (Compl. ¶ 4.)

In its Motion, Vitelity argues that Plaintiffs have failed to adequately plead a claim for relief. Vitelity also argues that the court lacks personal jurisdiction. Plaintiffs disagree on both counts and, in the alternative as to personal jurisdiction, request leave to take limited jurisdictional discovery.

**II. DISCUSSION**

**A. Failure to Plead a Claim**

Federal Rule of Civil Procedure 12(b)(6) requires courts to dismiss claims for which no relief can be granted. When considering a 12(b)(6) motion, "a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000). In Ashcroft v. Iqbal, the Supreme Court explained that a court should first "identify[] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." 129 S. Ct. 1937, 1950 (2009). Next, the court should identify the complaint's "well-pleaded factual allegations, . . . assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.; see also Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009) ("In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that

2

content, must be plausibly suggestive of a claim entitling the plaintiff to relief." (internal quotation marks omitted)).

"A claim for direct infringement must state only: (1) ownership of the allegedly infringed patent; (2) the infringer's name; (3) a citation to the patent; (4) the infringing activity; and (5) citations to the applicable federal patent law." Vellata, LLC v. Best Buy Co., Inc., No. CV 10-6752, 2011 WL 61620, at *4 (C.D. Cal. Jan. 7, 2011). Here, Plaintiffs allege in their Complaint that they own the patents at issue and that Vitelity is infringing those patents. (Compl. ¶¶ 5, 8, 25-26, 31-32.) Plaintiffs also cite to the applicable federal law - 35 U.S.C. § 271 - and adequately describe the infringing activity. (Id. at 4-5, ¶¶ 12-19.) Among other things, Plaintiffs allege that Vitelity "offers its customers an online fax service including in-bound and out-bound Internet fax." (Id. ¶ 12; see also id. at ¶ 18 ("Through its vFax service, Vitelity offers its customers 'a custom branded vFax portal.'") Plaintiffs further allege that these services infringe their patents. Plaintiffs' allegations are therefore sufficient to meet the pleading standard for patent infringement.

**B.   Personal Jurisdiction**

Federal Rule of Civil Procedure 12(b)(2) provides that a court may dismiss a suit for lack of personal jurisdiction. The plaintiff has the burden of establishing that jurisdiction exists, but need only make "a prima facie showing of jurisdictional facts to withstand the motion to dismiss." Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1154 (9th Cir. 2006). "[U]ncontroverted allegations in [the plaintiff's] complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be

resolved in [the plaintiff's] favor." Rio Props., Inc. v. Rio Int'l Interlink, 284 F.3d 1007, 1019 (9th Cir. 2002).

District courts have the power to exercise personal jurisdiction to the extent authorized by the law of the state in which they sit. Fed. R. Civ. P. 4(k)(1)(A); Panavision Int'l, L.P. v. Toeppen, 141 F.3d 1316, 1320 (9th Cir. 1998). Because California's long-arm statute authorizes personal jurisdiction coextensive with the Due Process Clause of the United States Constitution, see Cal. Civ. Code § 410.10, this Court may exercise personal jurisdiction over a nonresident defendant when that defendant has "at least 'minimum contacts' with the relevant forum such that the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'" Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800-01 (9th Cir. 2004) (citing Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)).

Personal jurisdiction may be established on the basis of either general or specific jurisdiction. General jurisdiction exists over a nonresident defendant when the defendant engages in "continuous and systematic general business contacts that approximate physical presence in the forum state." Schwarzenegger, 374 F.3d at 801 (internal quotation marks and citations omitted). Where a defendant is subject to a state's general jurisdiction, the defendant "can be haled into court in that state in any action, even if the action is unrelated to those contacts." Bancroft & Masters, Inc. v. Augusta Nat. Inc., 223 F.3d 1082, 1086 (9th Cir. 2000). Specific jurisdiction exists where a case arises out of forum-related acts. The Ninth Circuit analyzes specific jurisdiction according to a three-prong test:

4

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

Yahoo! Inc. v. La Lique Contre le Rascime, 433 F.3d 1199, 1205-06 (9th Cir. 2006). "If the plaintiff succeeds in satisfying both of the first two prongs, the burden then shifts to the defendant to 'present a compelling case' that the exercise of jurisdiction would not be reasonable." Schwarzenegger, 374 F.3d at 802 (citing Burger King Corp. v. Rudzewicz, 471 U.S. 452, 476-78 (1985)).

In a typical patent infringement case, where the plaintiff accuses the defendant of selling infringing products or services, the specific jurisdiction "inquiry is relatively easily discerned from the nature and extent of the commercialization of the accused products or services by the defendant in the forum." Avocent Huntsville Corp. v. Aten Int'l Co., 552 F.3d 1324, 1332 (Fed. Cir. 2008); see also Beverly Hills Fan Co. v. Royal Sovereign Corp., 21 F.3d 1558, 1565 (Fed. Cir. 1994) ("The allegations are that defendants purposefully shipped the accused fan into Virginia through an established distribution channel.  The cause of action for patent infringement is alleged to arise out of these activities.  No more is usually required to establish specific jurisdiction.").

A plaintiff can also obtain discovery on jurisdictional facts, by making at least a 'colorable' showing of personal jurisdiction. See Crystal Cruises, Inc. v. Moteurs Leroy-Somer S.A., No. CV

5

10-8736, 2011 WL 2604886, at *3 (C.D. Cal. July 1, 2011). "This 'colorable' showing should be understood as something less than a prima facie showing, and could be equated as requiring the plaintiff to come forward with 'some evidence' tending to establish personal jurisdiction over the defendant." Id.

Here, Plaintiffs argue that general and specific jurisdiction exist based on the following facts: 1) Vitelity maintains an interactive website that "allows customers, including in California, to order Vitelity's products online, as well as to create and manage their accounts"; 2) Vitelity "specifically targets California residents by offering local phone numbers for dozens, if not hundreds, of California cities"; 3) Vitelity "owns servers and equipment in California which it uses to support [its] customers in several states" and to "provide redundancy, a key feature of one of the patents-in-suit"; and 4) Vitelity is specifically targeting Los Angeles "as a major hub," through certain "strategic partnerships" and infrastructure projects.

Vitelity disputes the significance of these facts, claiming that the local telephone numbers, servers, and Los Angeles projects are not related to the allegedly infringing activity. As Vitelity's chief financial officer explains in a supporting declaration, these California connections involve Vitelity's "Voice over Internet Protocol services," not the Internet fax services at issue in this case. According to Vitelity, the Internet fax services are in fact provided by a third-party, currently seeking a declaratory judgment against Plaintiffs in a Colorado district court. (Supplemental Decl. of Ben Ford at 5-9.)

6

Vitelity's response fairly calls into question whether its California-related activities are substantial enough for general jurisdiction, and whether Plaintiffs' infringement claims arise out of these activities, as required for specific jurisdiction. As mentioned, however, Plaintiffs also seek limited jurisdictional discovery as to: 1) the extent of Vitelity's direct and indirect sales to California customers; 2) the functionality of Vitelity's website; 3) the number and usage of the local numbers that Vitelity offers in California; 4) the function of Vitelity's California-based servers; 5) the extent and type of call processing that Vitelity performs in California; and 6) any other ways in which Vitelity targets California customers.

The court finds that Plaintiffs have made a colorable claim as to jurisdiction and are therefore entitled to this additional discovery. If, for instance, Plaintiffs discover that Vitelity makes regular California sales of the allegedly infringing Internet fax services - even through an intermediary - they could likely establish specific jurisdiction. See Beverly Hills Fan, 21 F.3d at 1565. Accordingly, the court grants Plaintiffs 90 days from the date of this Order to conduct such limited jurisdictional discovery.

///
///
///

**III. CONCLUSION**

    For all of these reasons, the court denies Vitelity's Motion without prejudice and grants Plaintiffs request for limited jurisdictional discovery, to be completed within 90 days of the date of this Order.

IT IS SO ORDERED.

Dated: April 12, 2012

                              DEAN D. PREGERSON
                              United States District Judge